## OLIVE *v.* DAUGHERTY.

In an action of right, the jury returned a verdict, "we find the plaintiff entitled to no part of lot, &c., at this time, but is entitled to $32,50 damages; and that the defendant is entitled to and took possession of the lot under color of title;" held that on such a verdict, a judgment might be rendered and that the plaintiff might recover upon a less title than that set forth in the declaration.

### *Error to Lee District Court.*

*Opinion by* GREENE, J. An action of right commenced by James Daugherty *v.* John Olive. Declaration and plea were drawn up in the form provided by statute.

The case was submitted to a jury, who returned a verdict in the following words: "We, the jury find the plaintiff entitled to no part of lot No. 11, in block No. 26, in the town of Keokuk, Lee Co., Iowa, at this time; but is entitled to $32,50 damages, and that the defendant is entitled to, and took possession of the lot under color of title." This verdict appears to have been delivered and a judgment thereon rendered, without any exceptions being taken.

It is now objected, that the verdict could not justify any judgment against the defendant below, that the plaintiff could not recover upon a mere lease or demise, nor upon any title less than that set forth in the declaration.

We think, however, that the statute to allow and regulate the action of right, furnishes no ground for those objections. The twenty fourth section clearly justifies the judgment in this case. It provides, that if the interest of the plaintiff in the property sued for, expire before the day of trial, the verdict for the plaintiff shall be only for his damages, and that judgment shall be rendered accordingly. *Rev. Stat.*, 529.

The above section appears to have been framed with a particular reference to cases like the present. It obviously assumes that a recovery may be had upon a mere lease or demise, and upon a less title, than is averred by the gen-

49

eral form of declaration furnished by the act. It would be a new feature in judicial proceedings, to require a plaintiff to prove and obtain a verdict for all he may claim in his declaration, before he could be entitled to a judgment. Although he cannot recover more, it is a universal rule, that he may recover less than he demands.

Another reason why the proceedings below should not be disturbed, is, that no exception was taken at the trial. All appears to have been silently acquiesced in, and therefore unless the record disclosed palpable error or injustice, it would be improper to reverse the judgment. Giving to the verdict in this case, that reasonable intendment which courts of justice should always encourage, we must conclude that it was authorized by the pleadings, and that the judgment was conformable to the statute.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*Geo. C. Dixon* and *S. M. Powers*, for defendant.